# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Darby Neagle, | Case No. 2:21-cv-01664-JAD-EJY |
| Petitioner | |
| | **Order Dismissing Petition for Writ of Habeas Corpus Without Prejudice** |
| v. | |
| Calvin Johnson, et al., | [ECF No. 1] |
| Respondents | |

Petitioner Darby Neagle, a Nevada state prisoner represented by counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1]  Because Neagle's earlier-filed federal habeas action challenging the same conviction is still pending, I dismiss the instant petition without prejudice and instruct Neagle to file a motion to amend in the earlier-filed federal habeas matter.

**Background**

Neagle challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County in *State of Nevada v. Darby Neagle*, Case No. C-16-318560-1.[2]  In February 2020, the state court entered a judgment of conviction for driving and/or being in actual physical control of a motor vehicle while under the influence of an intoxicating liquor or alcohol resulting in substantial bodily harm.  The Nevada Court of Appeals affirmed that conviction.  In June 2020, Neagle filed a state petition for writ of habeas corpus.  The state court denied post-conviction relief.  Neagle represents that he filed a post-conviction appeal and the Nevada Court of Appeals affirmed the denial of relief.

On February 10, 2021, Neagle filed a federal habeas petition, alleging two grounds for

---

[1] ECF No. 1.

[2] The court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts.  The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1 relief challenging the same conviction and sentence.[3]  The respondents filed a motion to

2 dismiss,[4] which remains pending.  On September 9, 2021, Neagle filed this second habeas

3 matter, alleging one ground for relief.[5]  He indicates that he filed the first federal habeas petition

4 "on an unrelated issue."[6]

**Discussion**

6      Habeas Rule 4 requires the assigned judge to examine each petition and order a response

7 unless it "plainly appears" that the petitioner is not entitled to relief.[7]  This rule allows courts to

8 screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible,

9 false, or plagued by procedural defects.[8]  "Generally, a new petition is 'second or successive' if

10 it raises claims that were or could have been adjudicated on their merits in an earlier

11 petition."[9]  The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a

12 gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one

13 of the exceptions outlined in 28 U.S.C. § 2244(b)(2).  Under that provision, a successive

14 application is permissible only if it rests on a new rule of constitutional law, facts that were

15 previously unavailable, or facts that would be sufficient to show constitutional error in the

16 petitioner's conviction.[10]  Even if a petitioner can demonstrate that he qualifies for one of these

17 exceptions, he must seek authorization from the court of appeals before filing his new petition

18 with the district court.[11]

---

[3] *See Neagle v. Johnson*, Case No. 2:21-cv-00225-KJD-BNW.

[4] *Id.* at ECF No. 4.

[5] ECF No. 1.

[6] *Id.* at 2.

[7] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

[8] *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

[9] *Cooper v. Calderon,* 274 F.3d 1270, 1273 (9th Cir.2001); *See also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008).

[10] 28 U.S.C. § 2244(b)(2).

[11] *Id.*

1        However, "[a]s a general principle, . . . a petition will not be deemed second or

2   successive unless, at a minimum, an earlier-filed petition has been finally adjudicated."[12]   The

3   Ninth Circuit has held that "when a *pro se* petitioner[13] files in the district court while an earlier-

4   filed petition is still pending, the district court must construe the new petition as a motion to

5   amend the pending petition" rather than a second or successive petition[14] because "[a] petitioner

6   who seeks to assert new claims before his first petition has been finally adjudicated is not, by any

7   stretch, abusing the writ.  He is instead attempting, as the abuse-of-the-writ doctrine requires, to

8   litigate all available claims in a single proceeding."[15]

9        Here, although Neagle's two petitions state different grounds for relief, they both

10  challenge the same state conviction.  As required by the Ninth Circuit, I will not construe

11  Neagle's instant habeas petition as a second or successive petition, but I find no reason to

12  maintain two separate actions.  District courts retain broad discretion to control their dockets and

13  "[i]n the exercise of that power they may impose sanctions including, where appropriate, default

14  or dismissal."[16]  Accordingly, I dismiss this second habeas petition without prejudice and

15  instruct Neagle to file a motion to amend with an attached proposed comprehensive amended

16  petition in the earlier filed federal habeas action, *Neagle v. Johnson*, Case No. 2:21-cv-00225-

17  KJD-BNW.[17][18]

18        IT IS THEREFORE ORDERED that Petitioner Darby Neagle's Petition for Writ of

19  Habeas Corpus **[ECF No. 1] is DENIED without prejudice.**

20        IT IS FURTHER ORDERED that Petitioner is **denied a certificate of appealability**, as

21

22  [12] *Goodrum v. Busby*, 824 F.3d 1188, 1194 (9th Cir. 2016).

23  [13] Petitioner is not proceeding *pro se* in this action or the earlier-filed action.

24  [14] *Id.* at 1192 (citing *Woods*, 525 F.3d at 887–90).

    [15] *Goodrum*, 824 F.3d at 1194.

25  [16] *Thompson v. Hous. Auth. of City of Los Angeles,* 782 F.2d 829, 831 (9th Cir. 1986) (per
    curiam).

26

27  [17] A petition for writ of habeas corpus "may be amended or supplemented as provided in the
    rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 12 of the Rules
    Governing § 2254 Cases (recognizing general applicability of rules of civil procedure in habeas).

28

1    jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

2           IT IS FURTHER ORDERED that the Clerk of the Court is directed to **ENTER FINAL**

3    **JUDGMENT ACCORDINGLY AND CLOSE THIS CASE.**

4           IT IS FURTHER ORDERED that **within 30 days of the date of this order**, Petitioner

5    must file a motion to amend with an attached proposed comprehensive amended petition in the

6    earlier-filed federal habeas action, *Neagle v. Johnson*, Case No. 2:21-cv-00225-KJD-BNW.

7

8                                                            _____
                                                    U.S. District Judge Jennifer A. Dorsey
                                                    Dated October 13, 2021
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28